IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JOSEPH ASHWORTH, JAMES CLIETT, | ) | |
| RYAN COLDIRON, TERRY ENGLISH, | ) | |
| JOHN MICHAEL GREEN, WILLIE | ) | |
| HELMS, LEON HENSON, DONALD | ) | |
| KEITH MILES, DANIEL NICHOLS, | ) | |
| TIM PINKERTON, BRIAN RINKER, | ) | |
| WAYNE SILVA, JACKSON WILLIAMS, | ) | |
| JERRY BABER, CHARLES FOSTER, | ) | |
| JOHN MATHIS, BILLY PLATT, | ) | |
| On Behalf of Themselves and All | ) | |
| Others Similarly Situated, | ) | |
| PLAINTIFFS | ) | |
| | ) | |
| V. | ) | CIVIL ACTION FILE NO. 1:16-CV-00160 |
| | ) | |
| WECTEC GLOBAL PROJECT SERVICES, | ) | |
| INC., | ) | |
| FIRST DEFENDANT | ) | |
| | ) | |
| FLUOR ENTERPRISES, INC., | ) | |
| SECOND DEFENDANT | ) | |

## FIRST AMENDED COMPLAINT

COME NOW Plaintiffs, on behalf of themselves and all others similarly

situated, and present the following allegations in support of their First Amended

Complaint against Defendants as follows:

1

1.      This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), brought on behalf of the above-named workers and all other welding inspectors employed by either defendant at the Plant Vogtle Nuclear Facility ("Plant Vogtle") located near Waynesboro, in the County of Burke, in the State of Georgia.  These workers did not receive proper compensation for overtime hours and/or work "off the clock", and they are entitled to relief pursuant to the FLSA.

2.      Plaintiffs allege that, pursuant to the FLSA, they are entitled to recover from one or more of the defendants:  (1) unpaid minimum wage and unpaid overtime compensation; (2) liquidated damages; (3) pre-judgment and post-judgment interest; and (4) attorney fees and costs of litigation.

3.      Plaintiffs are also entitled to recover unpaid wages based upon their individual contracts with one or both defendants pursuant to the statutory and common law of the State of Georgia.

4.      Plaintiffs are also entitled to recover unpaid wages based upon defendants' unjust enrichment in obtaining the benefits of plaintiffs' overtime labor without paying proper compensation.

## JURISDICTION AND VENUE

5.      This honorable Court has subject matter jurisdiction over this controversy.

6.      Defendants are subject to the jurisdiction of this Court, and venue is proper.

## PARTIES

7.      During the past five years, each named plaintiff has been employed at Plant Vogtle, and although they have no supervisory duties, they have been assigned the title of "welding superintendents".

8.      Each named plaintiff is a covered individual within the meaning of the FLSA.

9.      During all or a portion of the past five years, WECTEC Global Project Services, Inc. ("WECTEC") has been either an employer or co-employer of each plaintiff at Plant Vogtle.

10.     At all relevant times, defendant WECTEC was, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

11.     WECTEC is a business entity organized and operating under the laws of the State of Louisiana with operations at facilities located in many states, including the State of Georgia.  This defendant's registered agent for service of process in the State of Georgia is CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.  Service of process may be perfected upon WECTEC through its registered agent.

12.     WECTEC maintains, or has maintained, an office in Burke County, Georgia.  WECTEC is subject to the jurisdiction of this Court, and venue is proper.

13.     On information and belief, at all relevant times, defendant WECTEC has had gross revenues in excess of $500,000.00 per year, and has been an enterprise engaged in commerce, and interstate commerce, within the meaning of the FLSA.

14.     At all relevant times, defendant WECTEC employed each named plaintiff within the meaning of the FLSA.

15.     At all relevant times, the work performed by each named plaintiff was directly essential to the business operated by defendant WECTEC.

16.     Subsequent to March 31, 2016, one or more of the named plaintiffs has been employed at Plant Vogtle by defendant Fluor Enterprises, Inc. ("Fluor").

17.     At all relevant times, defendant Fluor was, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

18.     Fluor is a business entity organized and operating under the laws of the State of Georgia with facilities located in many states, including the State of Georgia.  This defendant's registered agent for service of process in the State of Georgia is Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.   Service of process may be perfected upon Fluor through its registered agent.

19.     Fluor maintains an office in Burke County, Georgia.  Fluor is subject to the jurisdiction of this Court, and venue is proper.

20.     On information and belief, at all relevant times, defendant Fluor has had gross revenues in excess of $500,000.00 per year, and has been an enterprise engaged in commerce, and interstate commerce, within the meaning of the FLSA.

21.     At all relevant times, defendant Fluor employed each named plaintiff within the meaning of the FLSA.

22.     At all relevant times, the work performed by each named plaintiff was directly essential to the business operated by defendant Fluor.

23.     At all relevant times, each named plaintiff has been a non-exempt employee within the meaning of the FLSA.

**FACTUAL BACKGROUND**

24.     Throughout each named plaintiff's employment with one or more of the defendants, he has routinely worked over forty (40) hours per week.

25.     Although each named plaintiff has consistently worked more than forty (40) hours per week, one or more of the defendants has failed to pay overtime wages.  Rather, each named plaintiff was paid regular wages, rather than overtime wages calculated at a rate of 1.5 times regular wages, for his overtime hours.

26.     In addition, one or more of the defendant employers required some or each of the named plaintiffs to work without compensation on a regular basis. Their supervisors forced them to attend pre-shift meetings which generally lasted approximately twenty - thirty minutes each, and the plaintiffs were not compensated for this time.  Their supervisor expressed his feeling that plaintiffs and their co-workers "owed" the company a certain amount of work time which should not be compensated.  This "owed" company time was also referred to as "professional time".

27.     Furthermore, defendants did not compensate plaintiffs for extra hours spent "on the job", including pre-shift and post-shift time inside the security gate of the facility, and certain work hours during holidays.

28.     Defendants have knowingly and willfully operated their businesses

with a policy of not paying appropriate overtime compensation, and in certain

instances, minimum wage compensation, to each named plaintiff, and

others similarly situated employees.

29.     Upon information and belief, at all relevant times, the wage and hour

and all related employee compensation policies and practices of the defendants

were centrally and collectively dictated, controlled, and ratified.

30.     Defendants knowingly and willfully disregarded the provisions of the

FLSA as evidenced by their failure to compensate plaintiffs, and other similarly

situated employees, at the statutory overtime rate of time and one-half for all

hours worked in excess of forty (40) hours per week when defendants knew or

should have known such was due, and that non-payment of these wages would

financially injure the plaintiffs, and other similarly situated employees.

31.     Defendants failed to properly disclose or apprise the named

plaintiffs, and other similarly situated employees, of their rights under the FLSA.

32.     As a direct and proximate result of the actions of the defendants,

each named plaintiff, and all similarly situated employees, are entitled to recover

an award of appropriate regular rate and appropriate overtime rate compensation.

33.     After a diligent search, each plaintiff has determined that he is not in possession of fully sufficient documents and records to detail herein the total number of unpaid hours of work, and the total number of unpaid overtime hours (which were compensated only at his "regular" rate of pay).  These documents and records are presumably in the possession of the defendants, who have a legal duty to maintain and preserve such records.  Furthermore, once these documents are turned over to the plaintiffs, they shall amend these pleadings to identify with particularity the unpaid hours of regular time, and overtime.

34.     As a direct and proximate result of the actions of the defendants, and the willful disregard by the defendants of the provisions of the FLSA, plaintiffs are entitled to liquidated damages pursuant to the FLSA in an amount equal to their unpaid overtime and other unpaid compensation.

35.      Plaintiffs are furthermore entitled to an award of reasonable attorney fees, costs, and expenses.

## COLLECTIVE ACTION ALLEGATIONS

36.    The preceding paragraphs are incorporated by reference as if set forth verbatim herein.

37.    Plaintiffs bring this collective action on behalf of themselves and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

> All welding inspectors, currently or formerly given the
> job title of "welding superintendent", employed by
> defendants at Plant Vogtle at any time during the three
> year period  preceding August 19, 2016 who were paid
> straight time (rather than time  and a half) for overtime
> hours, and/or worked "off the clock" at pre-shift meetings
> without compensation.

Upon information and belief, plaintiffs believe that the definition of the class may be further refined following discovery of defendants' records.

38.    Plaintiffs, as well as other similarly situated workers, were denied overtime and straight time wages as a result of defendants' pay practices, and

many of these individuals are still employed at Plant Vogtle and continue to be denied overtime and straight time wages as a result of defendants' pay practices.

39.   Defendants' actions in denying overtime and straight time wages to the plaintiffs were intentional and constitute willful violations of the FLSA.

40.   Defendants have been unjustly enriched as a result of its accepting the work of the plaintiffs and other similarly situated employees without proper compensation.  It would be unjust to allow defendants to enjoy the fruits of the collective classes' labor without proper compensation.

41.   One or more defendants have breached their contractual duties to multiple plaintiffs by failing to pay for hours worked.

42.   Based upon the foregoing, plaintiffs bring the following claims against defendants on behalf of themselves and others similarly situated:

(a)   violations of the FLSA;

(b)   unjust enrichment;  and,

(c)    breach of contract.

WHEREFORE, plaintiffs respectfully request that this honorable Court grant the following relief:

(a)     a trial by jury;

(b)     all applicable statutory and common law damages;

(c)     all unpaid wages, both overtime and non-overtime;

(d)     a declaration that defendants have violated (and continue to violate) the FLSA;

(e)     declaratory judgment that the practices complained of are unlawful under the FLSA;

(f)     an Order designating this action as a collective action under the FLSA, and directing the issuance of notice pursuant to 29 U.S.C. § 216(b) for the federal and state claims of the class;

(g)     an Order appointing plaintiffs and plaintiffs' counsel to represent those individuals opting into the collective action;

(h)     an Order awarding plaintiffs' reasonable attorneys' fees and costs; and

(i)     any further relief which this Court deems appropriate under the circumstances.

Respectfully submitted this 24th day of January, 2017.

/s/ Troy A. Lanier
TROY A. LANIER
GA State Bar No. 437775

Troy A. Lanier, P.C.
P. O. Box 2426
Augusta, GA 30903
(706) 823-6800
tlanier@tlnaierlaw.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all parties to this action in

accordance with ECF procedures, as follows:

>Kathleen McLeod Caminiti
>kcaminiti@fisherphillips.com
>Fisher & Phillips LLP
>430 Mountain Avenue, Suite 303
>Murray Hill, New Jersey 07974

>Matthew R. Simpson
>msimpson@fisherphillips.com
>Fisher & Phillips LLP
>1075 Peachtree Street, NE
>Suite 3500
>Atlanta, GA 30309

>John Winthrop Alden
>jalden@kilpatricktownsend.com
>Joseph H. Huff
>jhuff@kilpatricktownsend.com
>James H. Coil, III
>jcoil@kilpatricktownsend.com
>Kilpatrick Townsend & Stockton, LLP
>100 Peachtree St., NE, Suite 2800
>Atlanta, GA 30309

This 24th  day of January, 2017.

>s/Troy A. Lanier
>State Bar No. 437775
>Post Office Box 2426
>Augusta, GA  30903
>706/823-6800
>tlanier@tlanierlaw.com