```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF GEORGIA
                       AUGUSTA DIVISION
```

JOSEPH ASHWORTH et al.,           *
                                  *
    Plaintiffs,                 *
                                  *
v.                                *
                                  *      CV 116-160
FLUOR ENTERPRISES, INC. AND       *
WECTEC GLOBAL PROJECT             *
SERVICES, INC.,                   *
                                  *
    Defendants.                 *
                                  *
                                  *

## O R D E R

Plaintiffs filed this lawsuit in September 2016, alleging FLSA and state-law claims. After mediation, Plaintiffs and Defendant Fluor Enterprises reached a compromise. Those parties then moved for settlement approval in April 2017. (Doc. 41.) The Court denied that motion without prejudice because the parties' settlement agreement contained a pervasive release. (Doc. 43.) Plaintiffs and Fluor filed a second motion in May 2017, which the Court also denied. (Docs. 44, 45.) In response, Plaintiffs and Fluor jointly dismissed Plaintiffs' state-law claims. (Doc. 46.) And they now move again for settlement approval and for the dismissal of Plaintiffs' claims against Fluor. (Doc. 48.)

The FLSA was enacted with the purpose of protecting workers from oppressive working hours and substandard wages. Barrentine

v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981). Because workers and employers often experience great inequalities of bargaining power, Congress made the FLSA's wage-and-hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Making the provisions mandatory meant eliminating the ability of workers and employers to negotiate an employment arrangement that falls short of the FLSA's minimum employee protections. Id.

Accordingly, the FLSA's provisions are not subject to bargaining, waiver, or modification either by contract or settlement, save for two narrow exceptional circumstances. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first exception involves actions taken by the Secretary of Labor and is thus inapplicable to the proposed settlement in this case. See id. at 1353.

The second exception, which applies here, permits settlement when an employee brings a private action for back wages under 29 U.S.C. § 216(b). Under this exception, the parties must present the proposed settlement to the Court, and the Court may approve the settlement "after scrutinizing the settlement for fairness." Lynn's Food Stores, 679 F.2d at 1353. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then

2

the Court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. When the employee is represented by counsel in an adversarial context, there is some assurance that "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id.

In this case, Plaintiffs filed suit and are represented by counsel, which indicates that a true conflict exists. The parties have dismissed Plaintiffs' state-law claims against Fluor and revised the release that the Court rejected. The parties' settlement therefore resembles settlements previously approved by the Court. Thus, after careful review, the Court **GRANTS** the parties' motion, **APPROVES** the settlement, and **DISMISSES WITH PREJUDICE** Plaintiffs' claim against Fluor. Accordingly, the Clerk is instructed to **TERMINATE** Fluor as a party in this case. The Court, moreover, **ORDERS** this case **STAYED** pending Defendant WECTEC's bankruptcy.

**ORDER ENTERED** at Augusta, Georgia this 28th day of August, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3